

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0265-09

### VICKIE LASHUN TOLBERT, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**KEASLER, J., filed a concurring opinion.**

## O P I N I O N

I join the Court's opinion but write separately because I also believe that Tolbert is

estopped from challenging the trial judge's failure to sua sponte instruct the jury on the

lesser-included offense of murder.

As observed by the majority, in *Bluitt v. State*, we held that "[a]n affirmative denial

of objection . . . shall be deemed equivalent to a failure to object."[1]  Bluitt's attorney stated

---

[1]  137 S.W3d 51, 53 (Tex. Crim. App. 2004).

that he had no objection to the jury charge.[2] On appeal, the State claimed that Bluitt waived his complaint that the trial judge erred by refusing to sua sponte instruct jurors that they could consider extraneous offense evidence only if they believed that Bluitt committed the extraneous offenses beyond a reasonable doubt.[3] We rejected the State's argument, reasoning that an affirmative refusal to object is governed by *Almanza*'s[4] failure to object standard; thus, charge error may nevertheless be raised on appeal but a reversal is not warranted unless there is egregious harm.[5] *Bluitt*'s strict dichotomy, however, did not address the notion of estoppel, perhaps because of the State's failure to posit such an argument.

In *Prystash v. State*, we held that Prystash was estopped from complaining on appeal about the trial judge's failure to include an anti-parties special issue in the jury charge because his attorney had affirmatively asked the trial judge to leave it out.[6] Prystash recognized that there is a crucial distinction between the concepts of waiver, which is more accurately characterized as forfeiture, and estoppel (invited error).[7] A party forfeits a

---

[2] *Id.* at 52.

[3] *Id.* at 53.

[4] *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985).

[5] *Bluitt*, 137 S.W.3d at 53.

[6] 3 S.W.3d 522, 529-30 (Tex. Crim. App. 1999).

[7] *Id.* at 531.

complaint when the party fails to invoke an optional evidentiary or procedural rule.[8]

Estoppel, on the other hand, prevents a party from complaining about an action that the party induced; "it is part of the definition of what can constitute error."[9]

Recently, we relied on *Prystash* in *Druery v. State* when addressing an analogous situation to the one before us today. During the charge conference at Druery's capital murder trial, Druery's attorney told the trial judge that he did not want a lesser-included offense instruction on first degree murder.[10] On direct appeal to this Court, we held that Druery was estopped from complaining that the trial judge should have included the instruction sua sponte.[11]

In my view, this case has nothing to do with error preservation or forfeiture; this case should be disposed of on estoppel grounds. The State requested a parties instruction and an instruction on a nondescript lesser-included offense. The trial judge overruled the request and asked Tolbert's attorney if he had any objections to the proposed charge. By stating that he had no objection on the heels of the State's request, Tolbert's attorney approved of the charge sans a lesser-included offense instruction on murder. As a result, we should not be entertaining Tolbert's claim that the trial judge erred in failing to sua sponte include a charge

---

[8] *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993).

[9] *Prystash*, 3 S.W.3d at 529-30.

[10] 225 S.W.3d 491, 505 (Tex. Crim. App. 2007).

[11] *Id.* at 506.

on murder.

However, because we did not grant review of the court of appeals's rejection of the State's estoppel argument, I join the Court's determination that the court of appeals erred in failing to consider whether there was error before proceeding to assess harm under *Almanza*. As the Court holds, the trial judge had no duty to sua sponte instruct the jury on the lesser-included offense of murder because Tolbert made no such request.[12]

DATE DELIVERED: March 17, 2010
PUBLISH

---

[12] Majority op., at 7.